SUMMERS, Chief Justice
(dissenting).
I am of the opinion that the trial judge properly found at the preliminary hearing that probable cause existed to hold defendant on a charge of attempted illegal use of weapons, a rifle, where it was foreseeable that it might result in death and great bodily harm to humans.
Apparently defendant Don Riptoe and his wife had not been getting along too well. His wife was employed at Jiminique’s Restaurant by James Casin, Jr., the proprietor. When distraught she had on occasions, prior to October 19, 1979, visited Casin and his wife at their residence to talk to them .about her marital troubles.
About three o’clock on the afternoon of October 19, 1979 Riptoe entered the restaurant and threatened Casin a number of times. Casin had never seen Riptoe before and could assign no reason for the threats. Riptoe’s threats were manifested by pointing his finger at Casin in the manner of a pistol; Riptoe resorted to these gestures because he was unable to speak. A speech impediment resulting from a tracheotomy about a year earlier made communication otherwise difficult. These threats were in full view of the restaurant employees and customers.
Riptoe then left the restaurant. A later investigation established that at some time that afternoon he purchased a .22 caliber rifle.
Then, about 9 o’clock that evening he returned to the restaurant, stalked to the bar area in an apparent state of anger. When he appeared to be headed toward the kitchen where his wife was at work, Casin importuned, “Don, talk to your wife later. I want you to get out of here now,” or words to that effect. At that time Casin had a pistol in his possession, having been urged to beware of Riptoe by those who witnessed the threats by Riptoe that afternoon at 3 o’clock.
Riptoe left in a hurry, and seconds later re-entered at the door leading to the parking area. He was carrying a package wrapped in brown paper and tore the paper from the enclosed object as he headed for Casin. As he advanced it became apparent that the object he carried was a rifle, whereupon the customers scattered, running from the restaurant into the street via the front door. As Riptoe advanced into the bar area of the restaurant Casin drew his pistol and shot Riptoe in the chest. Rip-toe’s rifle was not loaded and he had no shells in his possession.
Riptoe was transported to a hospital where he recovered and was released in two weeks; whereupon he was arrested, charged and released on bond.
The crime charged here is the attempted illegal use of a rifle where it was foreseeable that it might result in death or great bodily harm to a human being as set forth in Article 94 of the Criminal Code. I agree with the trial judge that the requisite elements of the crime have been satisfied.
When Riptoe entered the restaurant carrying the wrapped gun and proceeded toward Casin tearing the wrapping from the gun as he approached, he was attempting to use the gun to threaten Casin. This notwithstanding the fact that he had been driven from the restaurant earlier that day by Casin who was armed with a pistol.
It could hardly be expected that Casin would not defend himself against such an advance. He had been threatened earlier that day by Riptoe and Riptoe’s angry approach with a weapon not only justified the defensive shot by Casin but, as could be foreseen, all of the spectators fled to a place of refuge upon seeing Riptoe tearing the wrapping from the weapon. “Great bodily harm” to a human being did in fact “fore-seeably” result from the “criminally negligent use of the article” (rifle).
I respectfully dissent.